B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## _____Southern_____ District of Florida

In re _____Cheveral deacon_____  Case No. _____
                                                                       Debtor(s)     Chapter     7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept _____ $ 1,310.00 _____

   Prior to the filing of this statement, I have received _____ $ 1,310.00 _____

   Balance Due _____ $ 0.00 _____

2. $ 338.00 _____ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☑ Debtor      ☐ Other (specify)

4. The source of compensation to be paid to me is:

   ☑ Debtor      ☐ Other (specify)

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6. In return for the above-disclosed, non-refundable fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   Pre-Petition
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Filing all requirements pursuant to 11 U.S.C. § 521 unless VHLG is permitted to withdraw, including, preparing all documents necessary to commencing the case (petition, creditor matrix, motions regarding the filing fee, statement of attorney compensation, credit counseling certificate and/or related motions, and the certificate);
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Counsel will continue to represent the debtor, post-petition, until permitted to withdraw by the court.

   Post-Petition [If not previously filed]
   a. Statement of Financial Affairs (Official Form 7);
   b. Schedules A through J and Perjury Statements for Schedules signed by debtors (Official Form 6A – 6J);
   c. Summary of Schedules (Official Form 6 – Summary);
   d. Statistical Summary of Certain Liabilities (Official Form 6 – Summary);
   e. Disclosure of Compensation of Attorney for Debtor (Official Form B203);
   f. Statement of Current Monthly Income and Means Test Calculation (Official Form 22A);
   g. Chapter 7 Individual Debtor's Statement of Intention (Official Form 8);
   h. Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23) and certificate from course provider;
   i. Providing the necessary documentation including tax returns and pay advices to the Trustee in advance of the Meeting of Creditors;

      j.    Review and attendance, if necessary, to motions for stay relief;
      k.    Review of any redemption agreements;
      l.    Preparation and attendance of the Section 341 Meeting of Creditors;
      m.    Telephone conferences with Client, Trustee, Trustee's counsel, creditors, or any other interested parties relating to the case;
      n.    Legal research and preparation of correspondence necessary to represent Client in post-filing matters;
      o.    Providing the Client the necessary information to enable Client to complete the required post-filing financial management class;
      p.    Preparation and amendment, if necessary, of schedules;
      q.    Review and execution of reaffirmation agreements (includes attendance at reaffirmation hearing);
      r.    Case administration and monitoring;
      s.    Motions to reopen, if necessary;
      t.    Attendance of 2004 Examination with the Trustee;
      u.    Compliance with US Trustee Audit;
      v.    A post-discharge review of Client's credit report to ensure accurate reporting;
      w.    Review of student loans;
      x.    Preparation and prosecution of a Motion Appear Telephonically at the 341 Meeting;
      y.    Preparation and prosecution of a Motion to Reschedule 341 Meeting;
      z.    Attendance at a continued 341 Meeting;
      aa.    Preparation of amendments to Statements or Schedules;
      bb.    Preparation of demand letter to a garnishing creditor;
      cc.    Preparation and defense of an Objection to a Motion for Relief from Stay.
      dd.    Negotiations and Settlement agreements for preferential transfers with the Chapter 7 Trustee.

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    Pre-Petition
    Actions to enforce the automatic stay pursuant to § 362(k); Rule 2004 exams, depositions, interrogatories, or other discovery proceedings; adversary proceedings (separate lawsuits within a bankruptcy); contested motions placed on an adversary track; Motions to Refinance Property; Motion to Sell Property; Motion to Reject Executory Contracts; Motion to Incur Additional Debt; Motion to Redeem Collateral; civil state court proceedings; and criminal state court proceedings.
    Post-Petition [If not previously filed]
    Adversary proceedings (separate lawsuits within a bankruptcy); contested motions placed on an adversary track; Motions to Refinance Property; Motion to Sell Property; Motion to Reject Executory Contracts; Motion to Incur Additional Debt; Motion to Redeem Collateral; civil state court proceedings; and criminal state court proceedings

8. Counsel offered debtor(s) two options for the payment of counsel's fees: (1) pre-pay the fees in full prior to the Chapter 7 bankruptcy petition being filed, or (2) bifurcate the attorney services into pre- and post-petition work in order to facilitate the debtor(s) obtaining the benefit of being filed right away and making payments post-petition for the post-petition work. Counsel charges the same fee for both options.

9. Debtor and counsel entered into two, separate fee agreements for pre- and post-petition work.
    a. The first, pre-petition fee agreement was signed prior to the filing of the petition for the preparation and filing of the bankruptcy petition, statement about social security number, creditor list and other documents required at the time of filing; review, analysis and advisement of the typical matters that are required to be performed prior to filing by a bankruptcy attorney under the applicable bankruptcy and ethical rules; and representation at the first meeting of creditors. The $338 is for the filing fee. Counsel's fees paid under the first fee agreement (if any) are shown in Section 1 above as "Prior to the filing of this statement I have received", and any fees earned but not paid for the pre-petition work were waived by counsel.
    b. The second, post-petition fee agreement was signed after the petition was filed for post-petition work to be performed, including the preparation of schedules of assets and liabilities, and statement of financial affairs; preparation and filing of other required documents; and other services outlined in the fee agreement and noted above. Counsel's fees owed by debtor under the second fee agreement for post-petition work are reflected in Section 1 above as the Balance Due. The second fee agreement allows the debtor(s) to pay these post-petition fees and costs in installments over 12 months following the bankruptcy filing. Post-petition fees will not be discharged.

10. Counsel has fully informed debtor(s) and obtained their informed consent to the bifurcation of services.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| March 20, 2025 | /s/ **Chad Van Horn** |
| Date | Chad T. Van Horn, Esq. |
| | FL Bar #64500 |
| | |
| | **Van Horn Law Group, P.A.** |
| | 500 NE 4th St Ste 200 |
| | Fort Lauderdale, FL 33301-1163 |
| | (954) 765-3166 Fax: (954) 756-7103 |
| | chad@cvhlawgroup.com |